FILED
CLERK
2:14 pm, Feb 28, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STANLEY J. CAREY,

                          Plaintiffs,

        -against-

ROBERT RIPP,

                          Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:17-cv-04899 (ADS) (SIL)

**APPEARANCES:**

**Ruskin Moscou Faltischek, P.C.**
*Attorneys for the Plaintiff*
East Tower, 15th floor
1425 RXR Plaza
Uniondale, NY 11556
       By:    E. Christopher Murray, Esq.,
                 Joseph R. Harbeson, Esq.,
                 Melissa Sanderleaf, Esq., Of Counsel

**John W. Palmer**
*Attorney for the Defendant*
323 Willis Ave
Mineola, NY 11501
       By:    John W. Palmer, Esq., Of Counsel

**SPATT, District Judge:**

       The Plaintiff Stanley J. Carey (the "Plaintiff") commenced this defamation action in the Supreme Court of the State of New York, Nassau County against the Defendant Robert Ripp (the "Defendant"). The Defendant subsequently removed the action to federal court.

       Presently before the Court is a motion by Plaintiff to remand the case back to the Supreme Court of the State of New York, Nassau County. For the following reasons, the Plaintiff's motion is granted.

# I. BACKGROUND

## A. The Relevant Facts

The Plaintiff and the Defendant are residents of New York State. The Plaintiff is the superintendent of the Massapequa Water District (the "MWD").

On June 2, 2017, the Defendant visited the MWD to review documents. The Plaintiff assisted the Defendant during his visit, and the Defendant videotaped certain portions of the visit.

That same day, the Defendant posted the video of his visit on Facebook. On the video, the Defendant stated, *inter alia*, "[in my opinion] [the Plaintiff] is implicated in some seriously questionable, possibly criminal behavior." (Compl. ¶ 14). The Defendant accused the Plaintiff of corruption. As of the filing of the complaint, the video had received over 1,400 views.

On July 22, 2017, the Plaintiff was quoted in a Newsday article. That same day, the Defendant commented on the article on Newsday's website. He again accused the Plaintiff of corruption. The Defendant said that the Plaintiff "is responsible for approving decades of no show no bid contracts for corrupt [Town of Oyster Bay] [o]fficials and contractors. . . . [The Plaintiff] will do and say whatever he's told." (*Id.* ¶ 18). The Defendant posted these comments on his Facebook page after they were removed from Newsday's website.

## B. The Relevant Procedural History

On August 1, 2017, the Plaintiff commenced the action in the Supreme Court of the State of New York, Nassau County. The complaint includes two purported causes of action, but because an injunction is a remedy and not a cause of action, *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406 (S.D.N.Y. 2010) ("[I]njunctions are remedies, not causes of action.") (collecting cases), his sole cause of action is defamation.

On August 21, 2017, the Defendant removed the action to federal court. The Defendant based his removal on the fact that "a [f]ederal [q]uestion arises out of a violation of the First Amendment [to] the Constitution of the Unite[d] States of America. The complaint seeks 'prior restraint' of freedom of speech and expression." (Notice of Removal, ECF No. 1).

On September 11, 2017, the Plaintiff filed the instant motion to remand the case back to state court. The Defendant filed a letter response on September 12, 2017. The Defendant's letter barely exceeds one page—it is the signature that brings the total to two pages—and he does not cite to any case law. Instead, he merely reiterates the statement he made in his notice of removal that the cause of action purportedly seeking prior restraint arises under federal law.

## II. DISCUSSION

### A. The Relevant Law

Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Generally, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law," and a defendant's assertion of a federal-law defense does not convert a state-law claim into a federal claim. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987).

### B. Application to the Plaintiff's Claims

The Plaintiff does not allege any federal causes of action. As stated above, the Plaintiff's sole cause of action is defamation, which is a state law claim. While the Defendant may claim that

he has a First Amendment defense, case law is abundantly clear that a defense does not convert a state law claim into a federal claim.

As the Supreme Court has said,

> [A] federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution. For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case "arises under" federal law. A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10–11, 103 S. Ct. 2841, 2846–47, 77 L. Ed. 2d 420 (1983) (emphasis in original, internal citations, quotation marks, alterations and footnote omitted); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 399, 107 S. Ct. 2425, 2433, 96 L. Ed. 2d 318 (1987) ([F]ederal defenses do not provide a basis for removal." (internal footnote omitted)); *City of Rome, N.Y. v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach." (citing *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 7, 123 S. Ct. 2058, 2062, 156 L. Ed.2d 1 (2003))). "Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus v. AT & T Corp.,* 138 F.3d 46, 52 (2d Cir. 1998); *see also In re Facebook, Inc., IPO Sec. and Derivative Litig.,* 922 F. Supp. 2d 475, 480–81, No. 12–CV–6439, 2013 WL 525191, at *5 (S.D.N.Y. Feb. 13, 2013) (same).

The mere fact that the Defendant intends to assert a First Amendment defense does not bestow jurisdiction on this Court. As the Plaintiff's sole cause of action sounds in state law, this

Court does not have jurisdiction. Accordingly, the Plaintiff's motion to remand the case back to the Supreme Court of the State of New York, Nassau County, is granted.

### III.  CONCLUSION

For the above stated reasons, the Plaintiff's motion to remand the case back to the Supreme Court of the State of New York, Nassau County is granted. The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED:**

Dated:  Central Islip, New York

February 28, 2018

<u>     /s/ Arthur D. Spatt     </u>

ARTHUR D. SPATT

United States District Judge